## Ross v. Campbell.

1. Landlord and Tenant—Removal of Fixtures.

Generally, whatever a tenant affixes to leased premises may be removed by him during the term, provided the same can be done without injury to the freehold.

2. Same.

A tenant is not to be deprived of his right to remove fixtures placed by him on the leased premises during the term merely because of the fact that after he had so placed the fixtures he took a new lease, the execution of which was chosen as the most convenient method of extending the then existing lease.

*Appeal from the District Court of Garfield County.*

Mr. C. W. Darrow, for appellant.

Mr. John T. Shumate and Mr. A. M. Stevenson, for appellee.

Thomson, J., delivered the opinion of the court.

On December 8, 1888, the appellant executed a lease to Mrs. Campbell, the appellee, of a lot in Glenwood Springs, together with the building situated thereon, for the term of one year from that date, with the privilege of an extension

of the lease, if appellee should so elect, for a further period of four years. The appellee immediately went into possession of the demised premises. Prior to the expiration of the year, appellee elected to take the extension, and the lease was accordingly extended for four additional years, by an indorsement made by the appellant on the back of the agreement. The appellee used the building for the purposes of a saloon and billiard room. In October, 1891, the building took fire, and was so seriously damaged that a suspension of the appellee's business was necessary until the building could be repaired, the appellee, however, remaining in possession. The repairs were made by the appellant, who also enlarged the building by an addition. On the first day of February, 1892, when the repairs and addition were completed, and a considerable time before the expiration of the extension, a new lease of the premises was executed by the appellant to the appellee for a period of three years from that date. At the time of the original lease the floor of the building was of wood. Before the occurrence of the fire appellee replaced the wooden floor by a floor of tiling, and also introduced electric light apparatus and some other things of a like nature into the building. Before the expiration of the last term of lease, the appellee being about to remove the tile floor, and the other articles in the nature of fixtures which she had attached to the building, the appellant brought this suit for a perpetual injunction against such removal. The judgment of the trial court was against him, and he has brought the case here by appeal.

There was some little conflict between the testimony for the plaintiff, and that given in behalf of the defendant, but as the court found the facts to be with the defendant, they must be so accepted by us. The tile floor was laid, and the other improvements introduced, by the defendant, for the purposes of her business. They made the room attractive and tended to draw custom and benefit her trade. She intended to leave the same kind of floor in the building that it

had when she received it, and otherwise leave the premises in as good condition as they were in originally.

The law of fixtures applicable to a case of this kind is tolerably well settled.  Mr. Washburn says :

" The rule of law as to removing fixtures is most liberal when applied between tenant and landlord.  And, as a general proposition, whatever a tenant affixes to leased premises may be removed by him during the term, providing the same can be done without a material injury to the freehold." 1 Washburn on Real Property (4th ed.), 27.  See, also, *Penton v. Robart*, 2 East, 88 ; *Van Ness v. Pacard*, 2 Pet. 141 ; *Bank v. O. E. Merrill Co.*, 69 Wis. 501.

It is, however, contended that the acceptance by the defendant of the new lease operated as an extinguishment of the first tenancy ; that the taking of the lease involved a surrender by her of the premises to her landlord at the time of its execution ; that having failed to remove the fixtures before she relinquished her possession under the first lease, she lost her right to do so ; and that they immediately upon the surrender became part of the freehold, and were included in the second lease as the property of her landlord.  It is undoubtedly true that a tenant must avail himself of his right to remove fixtures which he has annexed to the premises before his tenancy is terminated, and that if he suffers his term to expire and relinquishes his possession without removing them, the right is extinct.  But we think the evidence hardly justifies the hypothesis upon which counsel predicates his argument.  Between the commencement of the original term, and the expiration of the time for which the last lease was given, the possession of the defendant was continuous.  The first term was extended by agreement for four years, and while the term created by the extension was still in existence the new agreement was made.  There was evidence that it was made at the solicitation of the plaintiff, and, as to terms, was made to suit the changed condition of the premises, occasioned by the repairs, and the enlargement of the building after the fire.  There was ample justification

in the evidence for concluding that the execution of the second lease was chosen as the most convenient method of extending the then existing term, and embodying in an agreement the change in the conditions of tenancy which the enlargement of the building rendered proper. The court evidently found that defendant's occupancy of the premises after the execution of the second lease, was, in effect, merely a continuation of the old tenancy; and, as the finding was derived from evidence given, we are not at liberty to disturb it. This being the case, the plaintiff sought to remove her fixtures during a term which began with her first occupancy of the premises, and was therefore merely exercising a right incident to her tenancy.

Let the judgment be affirmed.

*Affirmed.*